**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

Joseph R. Slights III
Vice Chancellor

417 S. State Street
Dover, Delaware 19901
Telephone: (302) 739-4397
Facsimile: (302) 739-6179

Date Submitted: January 20, 2021
Date Decided: March 29, 2021

Steven L. Caponi, Esquire
Matthew B. Goeller, Esquire
K&L Gates LLP
600 King Street, Suite 901
Wilmington, DE 19801

Ryan D. Stottmann, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19801

Re:   *Vama F.Z. Co. v. WS02, Inc., et al.*
       C.A. No. 2020-0141-JRS

Dear Counsel:

Plaintiff, Vama F.Z. Co., seeks a preliminary injunction to prevent the transfer

of shares of Defendant, WS02, Inc., so that they will be preserved as Vama seeks to

collect on its judgment against Defendants, Dilip Rahulan and Pacific Control

Systems (L.L.C.) ("PCS"). PCS and Rahulan seek dismissal of the Complaint for

want of subject matter jurisdiction and failure to state a viable claim. For the reasons

stated below, the motion to dismiss must be granted.

## I. BACKGROUND

### A. The Parties

Plaintiff, Vama, a Dubai company, provided financing to PCS to help build a data center.[1]  Defendant, PCS, a Dubai LLC, is a technology company operating in the cloud computing field.[2]  Defendant, WS02, a Delaware company, is connected to this dispute only because PCS holds shares in WS02 that Vama seeks to attach in satisfaction of its judgment.[3]  Defendant, Rahulan, was CEO and executive chairman of PCS until at least February 27, 2019, at which point a Dubai court purportedly removed him from those positions.[4]

---

[1] Verified Compl. ("Compl.") (D.I. 1) ¶¶ 1, 7.

[2] Compl. ¶¶ 4, 6.

[3] Compl. ¶¶ 2, 23.

[4] Compl. ¶¶ 3, 6.

## B. The Dubai Judgment

In 2014, PCS sought to build a data center.[5]  It obtained 70% of its financing from a syndicate of banks and the other 30% from a variety of other lenders, including Vama.[6]  PCS issued a check to Vama, dated March 21, 2016, to pay off a portion of the loan.[7]  On July 13, 2016, after undergoing a whirlwind of financial woes, PCS issued another check to pay off the remaining loan balance.[8]  This check bounced.[9]  Rahulan did not replace or reissue the check on behalf of PCS when it was returned or otherwise make payment to Vama for the balance of the loan.[10]

---

[5] Compl. ¶ 7.

[6] *Id.*

[7] Compl. ¶ 8.

[8] Compl. ¶ 9.

[9] *Id.*

[10] *Id.*

In an attempt to recover money Vama believed it was rightfully owed, Vama sought a provisional attachment in the Dubai Court of First Instance against PCS and, on September 25, 2016, the court granted the attachment as requested.[11]  Vama also initiated a civil proceeding in Dubai against PCS and Rahulan seeking a final judgment for failure to repay the loan.[12]  The Dubai court purportedly provided notice of the lawsuit to Rahulan and PCS, but both failed to appear.[13]  On January 17, 2017, a judgment was entered in favor of Vama (the "Dubai Judgment") and, on June 11, 2017, an appeal of the judgment was "denied."[14]  Vama then sought to enforce the Dubai Judgment in Dubai but was ultimately unsuccessful.[15]

---

[11] Compl. ¶ 11.

[12] Compl. ¶ 12.

[13] Compl. ¶ 15.

[14] Compl. ¶¶ 17–18.

[15] Compl. ¶¶ 19–20.

### C. The Delaware and New Jersey Recognition Proceedings

On October 18, 2018, Vama initiated an action in our Superior Court seeking recognition of the Dubai Judgment under Delaware's Uniform Foreign-Country Money Judgments Recognition Act.[16]  In connection with that proceeding, Vama sought a writ attaching PCS's shares in WS02.[17]  Rahulan and PCS objected to the recognition action and moved to vacate the Dubai Judgment.[18]  On August 30, 2019, a Commissioner of the Superior Court recommended that the Dubai Judgment be vacated.[19]  On October 22, 2019, over the objections of Vama, the Superior Court affirmed the recommendation and vacated the Dubai Judgment.[20]  On August 26, 2020, the Supreme Court of Delaware affirmed.[21]

---

[16] Compl. ¶¶ 20–21 (citing 10 *Del. C.* § 4801 *et seq.*).

[17] Compl. ¶ 23.

[18] Compl. ¶ 24.

[19] Compl. ¶ 26.

[20] Compl. ¶ 28; *Vama F.Z. Co. v. Pac. Control Sys.*, C.A. No. N18J-07985 (Del. Super. Ct. Oct. 22, 2019) (ORDER) ("Superior Court Order").

[21] *Vama F.Z. Co. v. Pac. Control Sys.*, 239 A.3d 388 (Del. 2020).

Shortly after it initiated the Delaware recognition proceedings, on November 8, 2018, Vama filed an application to record the Dubai Judgment in New Jersey.[22] The defendants there filed a motion for summary judgment, and the New Jersey trial court granted the motion after determining that the defendants in the Dubai action had not been properly served before the Dubai Judgment was entered.[23] It appears the New Jersey summary judgment order formed the basis for the rejection of Vama's claims in the Delaware Superior Court action, as well as the affirmance by the Delaware Supreme Court.[24]

## D. Rahulan Is Removed as Chairman/CEO and PCS Attempts to Transfer Its Shares in WS02

While both the Delaware and New Jersey actions proceeded apace, on February 27, 2019, the Dubai court entered an order removing Rahulan as chairman and CEO of PCS on the basis of fraud.[25] On July 16, 2019, Rahulan's appeal of the

---

[22] Compl. ¶ 31.

[23] Compl. ¶ 32.

[24] Superior Court Order at ¶¶ 10–14; *Vama*, 239 A.3d 388.

[25] Compl. ¶¶ 6, 35–36.

removal order in Dubai was "denied."[26]  Given the exhaustion of appellate review, the removal order appears to be final.

Since then, and in alleged violation of the removal order and the Commissioner's status quo order, Vama alleges that PCS, through Rahulan, has attempted to transfer its WS02 shares.[27]  WS02's transfer agent and counsel confirmed as much, and advised Vama that unless Vama sought judicial intervention, they would execute the transfer.[28]

## II. ANALYSIS

Count I of the Complaint seeks certain declaratory judgments that Rahulan no longer has authority to speak on behalf of PCS and that he has been removed from his positions at PCS.[29]  Counts II and III seek a preliminary injunction against WS02, Rahulan and PCS in an attempt to prevent PCS from transferring its shares in

---

[26] Compl. ¶¶ 38–39.

[27] Compl. ¶¶ 42–44.

[28] *Id.*

[29] Compl. ¶¶ 46–47.

WS02.[30]  Because the Court lacks subject matter jurisdiction to hear Counts II and

III, and because Count I cannot stand alone, this entire action must be dismissed for

want of subject matter jurisdiction under Chancery Rule 12(b)(1).[31]

### A. This Court Lacks Subject Matter Jurisdiction Over Counts II and III

The Court of Chancery is a court of "limited jurisdiction"; it acquires subject

matter jurisdiction "only when (1) the complaint states a claim for relief that is

equitable in character, (2) the complaint requests an equitable remedy when there is

---

[30] Compl. ¶¶ 49–63.

[31] Because I find this Court lacks subject matter jurisdiction to hear Counts II and III, I need not determine whether these claims survive under Chancery Rule 12(b)(6).  With that said, for the sake of completeness, I note at least two reasons why Counts II and III likely warrant dismissal under Rule 12(b)(6).  *First*, both causes of action are styled as claims for a preliminary injunction, but "[i]njunctions are a form of relief, not a cause of action." *Quadrant Structured Prods. Co. v. Vertin*, 102 A.3d 155, 203 (Del. Ch. 2014) ("As a technical matter, Counts III and VI are dismissed because they seek remedies rather than assert claims.").  *Second*, the assertion of irreparable harm in the Complaint, a necessary element of both Counts II and III, rests on a concern that "[i]f Mr. Rahulan and PCS are permitted to attempt to transfer [] PCS's shares, they will violate the Superior Court's order to maintain the status quo of the PCS shares pending the Delaware recognition proceedings." Compl. ¶ 61.  Yet, the status quo order likely lost its effect when the Superior Court entered its judgment, if not when the Supreme Court affirmed the Superior Court's ruling dismissing the case.  In any event, there is an adequate remedy at law to the extent the status quo order remains in effect - - enforcement of the order by the court that issued it.

no adequate remedy at law or (3) Chancery is vested with jurisdiction by statute."[32]

"In determining whether a claim or remedy sounds in equity, the court must 'focus upon the allegations of the complaint in light of what the plaintiff really seeks to gain by bringing his or her claim.'"[33]  If, after review of the record, the court determines the plaintiff has failed to plead sufficient facts to support the exercise of subject matter jurisdiction over a given claim, that claim will be dismissed.[34]  But, when determining whether the plaintiff has carried his burden, "the Court should

---

[32] *Perlman v. Vox Media, Inc.*, 2019 WL 2647520, at *4 (Del. Ch. June 27, 2019), *aff'd*, 2021 WL 1042985 (Del. Mar. 18, 2021); *see also* 10 *Del. C.* § 342 ("The Court of Chancery shall not have jurisdiction to determine any matter wherein sufficient remedy may be had by common law, or statute, before any other court or jurisdiction of this State.").

[33] *Epic/Freedom, LLC, et al. v. Aveanna Healthcare, LLC*, 2021 WL 1049469, at *2 (Del. Ch. Mar. 19, 2021) (quoting *Candlewood Timber Gp., LLC v. Pan Am. Energy, LLC*, 859 A.2d 989, 997 (Del. 2004)).

[34] *PPL Corp. v. Riverstone Hldgs. LLC*, 2020 WL 3422397, at *3 (Del. Ch. June 22, 2020) ("Plaintiffs have the burden of pleading facts sufficient to establish the Court's subject matter jurisdiction."); *AIU Ins. Co. v. Philips Elecs. N. Am. Corp.*, 2018 WL 367849, at *5 (Del. Ch. Jan. 11, 2018) ("[I]f it appears from the record that the Court does not have subject matter jurisdiction over the claim, the Court will dismiss the claim." (alteration in original) (internal quotations omitted)).

accept the material factual allegations in the complaint as true, and all inferences therefrom [should be] construed in the [non-moving party's] favor."[35]

As noted, Plaintiff seeks a preliminary injunction to prevent PCS and Rahulan from transferring PCS's shares in WS02, apparently in hopes that the Dubai Judgment will be recognized and the WS02 shares will then be available to satisfy that judgment. This is consistent with Vama's effort in the Delaware Superior Court to obtain a writ of attachment of the WS02 shares.[36] In other words, Vama is a judgment creditor seeking to invoke equity to preserve a judgment debtor's assets for collection. Vama's attempt to skirt the readily available remedies at law to seek equity's intervention fails for two reasons.

*First*, our Supreme Court's Rule 32 provides that applications for relief pending appeal "must be filed in the trial court in the first instance," and that "[a] stay or an injunction pending appeal may be granted or denied in the discretion of the

---

[35] *de Alder v. Upper N.Y. Inv. Co. LLC*, 2013 WL 5874645, at *7 (Del. Ch. Oct. 31, 2013) (alterations in original) (internal quotations and citations omitted).

[36] Compl. ¶ 23. Indeed, Vama's counsel readily admitted at oral argument that Vama is "seeking to preserve, for the benefit of PCS, an asset so it's not stolen by a third party." Telephonic Oral Arg. on Defs.' Mot. to Dismiss ("Tr.") (D.I. 21) at 31:9–11.

trial court, whose decision shall be reviewable by this Court."[37]  It is the initial trial court and the appellate court, in this case the Superior Court and the Supreme Court, respectively, that had jurisdiction to issue an injunction pending an appeal, even if that injunction normally sounds in equity.[38]  Yet, Vama chose to avoid the avenue prescribed by our rules to seek injunctive relief relating to the judgment it sought to have recognized, and instead initiated a proceeding in this Court while its appeal was pending to obtain that same relief.  The disregard of a clearly stated, mandated procedure cannot be countenanced.

*Second*, and more fundamentally, Vama clearly has an available remedy at law.  Specifically, it may seek to obtain prejudgment attachment of the WS02 shares from whatever court of the United States it is able to convince to recognize its Dubai Judgment.  What it cannot do, however, is seek attachment of assets from this Court in the form of a preliminary injunction, particularly in the absence of a recognized

---

[37] Del. Supr. Ct. R. 32(a).

[38] *Justice v. Country Vill. Apartments, Inc.*, 1974 WL 163588, at *2 (Del. Ch. June 25, 1974) ("I can see no basis for invoking the aid of equity here, especially when the statutes provide for an appellate procedure and also specifically place the discretion for establishing the conditions for a stay in the court wherein the appeal must be taken.").

domestic judgment.[39] That remedy must be pursued as a matter of law once (if ever)

the Dubai Judgment is recognized.[40]

---

[39] *See Roseton OL, LLC v. Dynegy Hldgs, Inc.*, 2011 WL 3275965, at *19 (Del. Ch. July 29, 2011) ("[If] Plaintiffs obtain a judgment against [defendant], Plaintiffs may have an adequate remedy at law in that they could execute on that judgment against funds available to [defendant]."); *E.I. DuPont de Nemours & Co. v. HEM Rsch., Inc.*, 576 A.2d 635, 639 (Del. Ch. 1989) (refusing to issue an injunction as a means of prejudgment attachment); *Neuberger v. Olson*, 1992 WL 50873, at *6 (Del. Ch. Mar. 11, 1992) (same); *QRS 10-12 (TX), Inc. v. CalComp Tech, Inc.*, 1999 WL 350491, at *2 (Del. Ch. May 12, 1999) ("This is not an action where the 'preventive aid of equity' is the ultimate relief sought. On the contrary, the verified complaint seeks an equitable remedy only to create and preserve a fund of money from which Plaintiffs may collect the money judgment they ultimately seek for breach of contract."); *Uragami v. Century Int'l Credit Corp.*, 1997 WL 33175027, at *2 (Del. Ch. Dec. 2, 1997) (noting that if this Court were to issue a preliminary injunction to freeze assets for later collection on a judgment, "the equitable remedies available to the Court would be used just as the attachment at law is used"), *aff'd*, 710 A.2d 218 (Del. 1998).

[40] I note that Counts II and III could be dismissed under Chancery Rule 12(b)(1) for the additional reason that they are moot. *PPL Corp.*, 2020 WL 3422397, at *3 ("Because the requirement of an actual controversy goes directly to the court's subject matter jurisdiction over an action, a motion to dismiss based on mootness is properly examined under Rule 12(b)(1)." (internal quotations omitted)). Count II states: "Vama is entitled to a preliminary injunction preventing WS02 from transferring the PCS shares during the pendency of this litigation and the parallel recognition proceedings in the Supreme Court." Compl. ¶ 51. Count III states: "Vama is entitled to a preliminary injunction preventing Mr. Rahulan and PCS from attempting to transfer the PCS shares during the pendency of this litigation and the parallel recognition proceedings in the Supreme Court." Compl. ¶ 61. Yet, litigation is no longer pending in either the Delaware Superior or Supreme Court. While disputed by Vama, as already demonstrated, the point of this action was primarily to freeze assets

**B. This Court Also Lacks Subject Matter Jurisdiction Over Count I**

Given that Counts II and III must be dismissed for lack of subject matter jurisdiction, the only remaining claim is Count I, which seeks a declaratory judgment that Rahulan no longer has the authority to speak on behalf of PCS and that he has been removed from his positions at PCS. Delaware's Declaratory Judgment Act, at 10 *Del C.* § 6501, states that, "courts of record within their respective jurisdictions shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed."[41] But, it has long been established that this statute is not intended to expand the jurisdiction of our courts.[42] "It is well settled that the Declaratory Judgment Act does not independently confer jurisdiction on this court."[43] Rather, the court "will only assume jurisdiction over a claim for

---

for the purpose of fulfilling a future money judgment should one be recognized here. With the Delaware Supreme Court's affirmance, that is not going to happen.

[41] 10 *Del. C.* § 6501.

[42] *Suplee v. Eckert*, 120 A.2d 718, 720 (Del. Ch. 1956).

[43] *Takeda Pharms. U.S.A., Inc. v. Genentech, Inc.*, 2019 WL 1377221, at *5 (Del. Ch. Mar. 26, 2019).

declaratory relief if equity would independently have jurisdiction over the controversy, without reference to the declaratory judgment statute."[44]

Here, Vama has failed to provide any jurisdictional hook with which to attach Count I to this Court's subject matter jurisdiction beyond the Declaratory Judgment Act. While Delaware entities often come to this court seeking to adjudicate the propriety of a removal of an officer or director from her position with the entity, under either 8 *Del. C.* § 225 ("Section 225") or its alternative entity counterparts, Vama does no such thing in Count I.[45] *First and foremost*, statutes like Section 225 apply only to Delaware entities; PCS is a creature of the laws of Dubai. To the extent this claim should be litigated anywhere, Dubai seems like the most appropriate forum.

---

[44] *Buczik v. Wonchoba*, 1993 WL 93444, at *1 (Del. Ch. Mar. 24, 1993) ("The mere fact that declaratory relief is sought here does not permit this Court to exercise jurisdiction because that relief is also available at law in the Superior Court."); *Neuberger*, 1992 WL 50873, at *6 ("To be maintained in this Court, an action for a declaratory judgment must be grounded upon an independent basis of equity jurisdiction.").

[45] 8 *Del. C.* § 225; *see, e.g.*, *Boris v. Schaheen*, 2013 WL 6331287, at *12 (Del. Ch. Dec. 2, 2013) ("Pursuant to Section 225 of the DGCL, any stockholder or director may petition the Court to determine the validity of a removal or appointment of a director.").

Second, even if Vama was seeking to vindicate the rights of PCS on behalf of PCS, as it claimed for the first time at oral argument,[46] that claim has no more connection to Delaware or this Court's limited subject matter jurisdiction than Vama's request for a judgment declaring Rahulan has been removed from PCS. Setting aside the facts that no derivative claim has been pled here, and Rahulan and PCS appear to be fighting on the same side,[47] Vama has failed to identify why this Court would have subject matter jurisdiction to hear claims of fraud on behalf of a foreign entity against an officer of that entity where the plaintiff has not prayed for equitable relief in connection with that claim.

---

[46] Tr. at 31:9–11 ("[W]e're seeking to preserve, for the benefit of PCS, an asset so it's not stolen by a third party."); *id.* at 33:24 ("Mr. Rahulan is seeking to defraud PCS.").

[47] I note that counsel for Rahulan and PCS represented to the Court that they represent the interests of both parties: "we have talked to and confirmed that we continue to represent PCS." *Id.* at 36:9–10.

## III.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss must be GRANTED.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ Joseph R. Slights III*